Mr. David C. Peeples, City Attorney City of West Memphis 205 South Redding, P.O. Box 1728 West Memphis, Arkansas 72203-1728
Dear Mr. Peeples:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether your decision, as legal counsel for the custodian of records, to furnish certain information in response to a Freedom of Information Act request is consistent with that act. See A.C.A. §§ 25-19-101 to -107 (Repl. 1996 and Supp. 1999). According to your letter, a citizen has requested copies of two personnel files, those of the chief of police and an employee of the police department. You indicate that the custodian, the City's personnel director, has reviewed these files and determined that portions of the personnel files are subject to disclosure, "subject to the exclusion provided in A.C.A. § 25-19-105(b)(10)."
Specifically, you note that:
 [T]he personnel director has decided to "delete any information which would constitute a clearly unwarranted invasion of personal privacy and to make the remainder of the personnel files available for inspection and/or copying. . . . Information which is to be deleted includes the following: date of birth, home address, home telephone numbers, social security numbers, home addresses and home telephone numbers of personal references provided in employment applications, beneficiary designations and other beneficiary information provided on insurance forms and pension forms, and emergency contact information.
You seek my opinion as to whether this decision is consistent with the Arkansas Freedom of Information Act.
RESPONSE
I must note from the outset that I have not been provided the actual records in question and cannot, therefore, come to any definitive conclusions as to their public nature. The custodian is generally correct in the determination that ordinarily, a request for personnel records results in a release of public information with exempt information redacted. One of the pertinent exemptions is indeed for "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of privacy." Some of the information outlined above, however, is not properly excludable under this exemption.
In addition, although again, I have not reviewed the records, it is possible that exemptions other than § 25-19-105(b)(10) may also come into play. These issues will be discussed below.
The custodian has correctly determined, in my opinion, to redact the social security numbers (see Op. Att'y Gen. 2000-168); home addresses of police personnel (see Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125
(1998); and beneficiary designations and other information provided on insurance forms and pension forms (see Ops. Att'y Gen. 99-016; 97-189; 96-134; and 94-235).
I must note, however, that date of birth is not properly excludable from personnel records under A.C.A. § 25-19-105(b)(10). See Op. Att'y Gen.95-080. Similarly, emergency contact information has been characterized as public and not included in the "clearly unwarranted invasion of personal privacy exemption." See Op. Att'y Gen. 99-040, n. 3.
The issue of home telephone numbers, particularly if listed in local directory information, is less clear. Cf. Op. Att'y Gen. 99-016. Previous Attorney Generals have consistently opined that although unlisted telephone numbers may be withheld from disclosure, listed telephone numbers are not exempt from release. See, e.g., Op. Att'y Gen. No. 93-403
and citations therein. Those opinions were based upon the presumption that in most factual scenarios, there is little privacy interest in information that has already been made public, and that therefore, the privacy interest would presumptively be outweighed in a balancing test. I must note, however, that factual circumstances could occur in which a privacy interest in previously available information could be established, and that the U.S. Supreme Court has recognized the protectability of such an interest. See Department of Defense v. FLRA,510 U.S. 487, 500 (1994). I also note that the Arkansas Supreme Court relied upon the FLRA case in deciding Stilley v. McBride, supra, but thatStilley did not involve a request for telephone numbers. I therefore continue to hold the view that as a general matter, unless specialized facts indicate a heightened privacy interest in listed telephone numbers (see, e.g., Op. Att'y Gen. No. 98-097, regarding concerns inherent in the release of the telephone numbers of a particular group of retirees), those numbers, if requested under the FOIA, are not exempt from disclosure, but that unlisted telephone numbers, in which there clearly is a heightened privacy interest, should be withheld. However, because the personnel at issue are police personnel, and in accordance with the spirit of Stilley, I conclude that there might be a heightened privacy in the telephone numbers of the two department employees, even if the numbers are listed. For this reason, I do not question the custodian's decision to redact the telephone numbers of these personnel from the records that are released. See Op. Att'y Gen. 99-016.
The home addresses and telephone numbers of personal references have not been addressed by any previous Attorney General opinion. The names of such references, are in my opinion subject to disclosure. See e.g., Ops. Att'y Gen. 93-421, 93-114, and 89-368. The release of the addresses and telephone numbers of such persons may depend upon the listed/unlisted distinction and any special privacy interests attendant the information.See supra.
Although the exemption found in A.C.A. § 25-19-105(b)(10) may be the most pertinent in the analysis of "personnel records," other exemptions may also need to be considered. For example, any medical records would be exempt from disclosure under A.C.A. § 25-19-105(b)(2). The Attorney General has consistently interpreted the term "medical records," as used in the FOIA, to encompass "records containing information relating to the treatment or diagnosis of a medical condition." See, e.g., Ops. Att'y Gen. Nos. 99-110; 98-202; 89-147. The custodian should determine whether any of the records you have requested would constitute "medical records" according to this interpretation. Scholastic records sometimes also appear in "personnel files." I have stated that such records include items such as grade transcripts, but not information reflecting schools attended and degrees received. Op. Att'y Gen. No. 99-368. State income tax records are not subject to disclosure and it has been concluded that tax-withholding information on employment forms is not subject to disclosure under this exemption. See Op. Att'y Gen. No. 99-016.
You have not indicated that any of the records in question comprise "employee evaluation or job performance records" under A.C.A. §25-19-105(c)(1). A separate test applies to these records. See Op. Att'y Gen. 2000-130 (copy enclosed, which contains the test for release of those records).
Finally, I note that some information may be withheld from disclosure even if it is not subject to a specific exemption from disclosure — if it rises to a level worthy of constitutional protection. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v.City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). TheMcCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure. This potential constitutional issue must be considered before any document is disclosed.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
Enclosure